UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KING RANGER THEATRES, L.P. | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | Civil Action No:  SA-13-CA-715-XR |
| | ) | |
| GDC DIGITAL CINEMA NETWORK (USA), | ) | |
| L.L.C. | ) | |
| | ) | |
| Defendant, | ) | |

**ORDER**

On this date, the Court considered its jurisdiction over this case.  This Court has a duty to examine its subject matter jurisdiction, and must do so *sua sponte* when necessary.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

On or about July 12, 2013, plaintiff King Ranger Theatres filed a lawsuit in state court in Guadalupe County, Texas. On August 12, 2013, Defendant GDC Digital Cinema Network ("GDC") removed this case to this court under 28 U.S.C. § 1441.  In its Notice of Removal, GDC alleges jurisdiction on the basis of diversity under 28 U.S.C. § 1332(a).  For diversity jurisdiction, the party asserting federal jurisdiction must "distinctly and affirmatively allege" the citizenship of the parties, *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).  The Notice of Removal and the state-court petition indicates that Defendant is a California limited liability company and that Plaintiff King Ranger is a Texas limited partnership.

For diversity jurisdiction to exist, there must be complete diversity of citizenship among the parties. *Stiftung v. Plains Mktg.*, L.P., 603 F. 3d 295, 297 (5th Cir. 2010). "For purposes of diversity

1

jurisdiction, a limited partnership assumes the citizenship of each of its partners." *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807 (W.D. Tex. 2008) (quoting *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 856 n. 3 (5th Cir. 2003)). The citizenship of each of its constituent members also determines the citizenship of a limited liability company. *Alsobrook v. GMAC Mortgage, L.L.C.*, 12-10623, 2013 WL 3929935 (5th Cir. July 31, 2013). Accordingly, if any of Defendant's members are citizens of the same state as any of the Plaintiff's partners, complete diversity will not exist and this Court will not have subject matter jurisdiction. Defendant's Notice of Removal contains insufficient information for the Court to determine whether diversity jurisdiction exists.

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Property and Cas. Insurance. Co.*, 276 F.3d 720, 723 (5th Cir.2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)). Therefore,  Defendants are ORDERED to show cause that there is complete diversity in this case no later than **August 28, 2013.**

SIGNED this 13th day of August, 2013.

_____

XAVIER RODRIGUEZ

UNITED STATES DISTRICT JUDGE